CONLEY et al. *v.* MONTGOMERY COUNTY

[No. 206, September Term, 1957.]

380

*Decided April 25, 1958.*

The cause was argued before HENDERSON, PRESCOTT and HORNEY, JJ.

*John W. Neumann,* with whom were *Jones, Mathias & Neumann* on the brief, for the appellants.

*Rourke J. Sheehan, Assistant County Attorney,* with whom was *Charles M. Irelan, County Attorney for Montgomery County,* on the brief, for the appellees.

HORNEY, J., delivered the opinion of the Court.

This is another in a rapidly lengthening line of zoning cases where property owners are not satisfied because the zoning authority refused to reclassify their property from "residential" to "commercial." The facts and the law are much the same; only the names of the property owners have been changed.

The Conleys and Adamsons (the petitioners) are the owners of an unimproved residentially zoned lot at the southwest corner of Flora Avenue and Woodland Drive in Silver Spring. They acquired the property in 1953 for the purpose of using it as a parking lot in connection with the commercially zoned lots on Georgia Avenue, the first street to the west of Woodland Drive. Under the zoning ordinance in effect in 1953, the property could have been used as a parking lot, but in 1954 a new ordinance placed it in an R.60 classification and prohibited its use for a parking lot or any other commercial purpose except by special exception.

In 1955, the petitioners applied to the Montgomery County Board of Appeals for a special exception for off-street parking, but the application was denied. In January of 1956, they petitioned the County Council to rezone the lot either to a C.1 or a C.2 commercial classification. A hearing was held, and the petition was denied. A bill, subsequently amended, was then filed by the petitioners in the Circuit Court for Montgomery County (Anderson, J.) against the

County Council and Montgomery County seeking (i) a declaratory decree establishing the petitioners' right to use the property .commercially, (ii) a mandatory injunction directing the County Council to reclassify the property, and (iii) an injunction prohibiting the County from interfering with a commercial use of the property.

By stipulation of counsel, the record before the County Council on the hearing for rezoning was made the record before the circuit court. The court dismissed the bill of complaint, finding that "the question was fairly debatable," and that on the basis of the record, the denial of the rezoning "was not arbitrary, capricious, discriminatory or illegal." From an order dismissing the bill, the petitioners appealed.

The petitioners' property is in an area in Silver Spring known as "Montgomery Hills." The entire area is zoned R.60, except for a strip of commercial zoning one lot deep along Georgia Avenue. The commercial strip is separated from the residentially zoned area on the east by a paved alley.

The Maryland-National Capital Park and Planning Commission unanimously recommended denial of the application. Its report noted that both sides of the block in which the property is located have been developed with single-family houses and that the area to the north and east was at that time being developed in the same manner. The petitioners sought to show that their property could not profitably be used for residential purposes. They offered three real estate brokers and appraisers who testified that the best and most valuable use of the property would be commercial rather than residential, and that it would be difficult to secure adequate financing while it remained residentially zoned. They felt that not even a speculative builder would purchase the lot for residential improvement. On the other hand, the opponents of rezoning offered testimony to show that the property was bounded on three sides by residential zoning. They also produced a builder and a developer who testified that the lot was desirable residential property.

There was no contention by the petitioners that the original zoning of the property was a mistake, but they did contend that there had been such a change in the character of

the area—between the passage of the new zoning ordinance in 1954 and the time of the hearing before the County Council in 1956—as justified a reclassification. However, the only change shown was that some of the commercially zoned lots along Georgia Avenue had been commercially developed in accordance with the original zoning plan.

We think it is clear that the decision in the instant case should be controlled by our decision in *Montgomery County v. Scrimgeour*, 211 Md. 306, 127 A. 2d 528 (1956). In that case, at p. 312, we pointed out (i) that "[t]he fact that the rezoning would make the property more valuable is not sufficient for rezoning," and (ii) that "[t]he court will reverse only where there are no grounds for reasonable debate, and where the action of the zoning authorities was arbitrary, capricious, discriminatory, or illegal," and concluded, on p. 316, that "[a]t the least the zoning was reasonably debatable."

We held in *Marino v. Mayor & City Council of Baltimore*, 215 Md. 206, 218, 137 A. 2d 198, 202 (1957), that mere financial hardship or an opportunity to get an increased return from the property is not sufficient reason for granting an exception. It is apparent that this reason is no more determinative in granting a rezoning than it is in granting an exception.

In the case now before us there was a reasonable basis for the decision of the County Council. The Maryland-National Capital Park and Planning Commission believed that the established residential neighborhood would be damaged by the rezoning. There was testimony to the effect that the lot was desirable for residential purposes. As Judge Anderson properly pointed out, "the question was fairly debatable," and he was therefore without authority to override the decision of the County Council. It is as impossible for us, as it was for the lower court, to rule that the County Council was clearly wrong in not allowing what would have been the first commercial encroachment on a completely residential street.

The order of the lower court should be affirmed.

*Order affirmed, the appellants*
*to pay the costs.*