## DOBRY ET AL. *v.* BOARD OF COUNTY COMMISSIONERS FOR PRINCE GEORGE'S COUNTY

[No. 148, September Term, 1965.]

*Decided February 10, 1966.*

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*Adrian P. Fisher,* with whom were *C. Calvert Lancaster* and *Fisher & Lancaster* on the brief, for the appellants.

*Lionell M. Lockhart,* with whom were *Harry L. Durity* and *Joseph S. Casula* on the brief, for the appellee.

PER CURIAM.

The appellants (or their predecessors in title) as owners of Lot 4, Parcel A in the subdivision of Livingston Park in Prince George's County at the intersection of White Oak Drive and Livingston Road (the subject property) filed a petition for rezoning the subject property from R-55 (single family residential) to C-2 (heavy commercial) with the Maryland-Na-

tional Capital Park and Planning Commission (Planning Commission) on July 30, 1963. Both the Technical Staff and the Planning Commission recommended that 30,496 square feet of the total of 33,000 square feet in the subject property be rezoned to the C-2 zone but that 2504 square feet be not zoned but held for the further widening of two abutting streets— White Oak Drive and Livingston Road. The appellants agreed to this reservation of 2504 square feet for the widening of the two roads.

Testimony was taken before the appellee, the Board of County Commissioners for Prince George's County, sitting as a District Council (District Council) on October 21, 1964. A real estate broker and appraiser testified as an expert on behalf of the owners that in his opinion the subject property should be zoned C-2 and that the best and proper use of the subject property was "for heavy commercial of some type." He pointed out that directly across the street from the subject property, on the corner, the District Council had recently rezoned that property from R-55 to C-O (commercial-offices) and that property was presently occupied by an accountant's office. In the rear of that property was a non-conforming property occupied by a real estate office. There was C-2 zoning immediately adjoining the subject property on the south and numerous other parcels to the south adjacent to and fronting on Livingston Road zoned C-2.

On behalf of the neighboring property owners who opposed the rezoning application, an expert real estate appraiser testified that although in his opinion the subject property should be rezoned for a C-O or C-1 (light commercial) zone, the subject property should not be rezoned for a C-2 (general or "heavy" commercial) zone. It was his opinion that the "heavy" commercial uses permitted in the C-2 zone, such as parking lots, used car sales lots, road cleaning, motels, tailor shops, tinsmith shops and uses of that nature would adversely affect the values of the properties in the Livingston Park subdivisions adjoining the subject property. Commander John E. King, who owned property in Livingston Park, pointed out in his testimony that the subject property forms part of the entrance to the Livingston Park subdivision, that there would be an additional traffic hazard, especially to children passing the subject property on their

way to school and that although he too thought the subject property should be rezoned to permit a commercial use, it should not be rezoned to C-2 as this heavy commercial use "would pull down our residential values in this area." He characterized the residential area in Livingston Park as a "lovely subdivision." Other owners and residents in the neighborhood of the subject property gave similar testimony in regard to the depreciation of the value of their properties and the hazard which would likely result from reclassification of the subject property to a C-2 zone.

The District Council took the matter under consideration and declined to grant the requested rezoning to a C-2 classification. On appeal by the owners to the Circuit Court for Prince George's County, Judge Parker found that the question presented to the District Council was "fairly debatable" and, therefore, the action of the District Council in declining to grant the requested rezoning to C-2 was not arbitrary, unreasonable or capricious. He affirmed the action of the District Council. In our opinion, his ruling was proper and his order will be affirmed.

The applicable law is stated in *Sampson Bros. v. Board of County Commissioners of Prince George's County,* 240 Md. 116, 119-120, 213 A. 2d 289, 291 (1965), as follows:

> "The test is whether the action of the District Council in disapproving the applications and in *declining to reclassify* as requested in the petitions was arbitrary, unreasonable and capricious. *Muhly v. County Council for Montgomery County,* 218 Md. 543, 546, 147 A. 2d 735, 738 (1958). *Ellicott v. City of Baltimore,* 180 Md. 176, 184, 23 A. 2d 649 (1942). We have held that if the issues before the District Council are fairly debatable its action in declining to rezone is not arbitrary, unreasonable and capricious. *Muhly v. County Council for Montgomery County, supra; Conley v. Montgomery County,* 216 Md. 379, 383, 140 A. 2d 525 (1958); *Montgomery County v. Scrimgeour,* 211 Md. 306, 312, 127 A. 2d 528 (1956)."

In the case at bar there was, as we have already pointed out, substantial evidence upon which the District Council could reasonably have concluded that the requested C-2 zoning should not be granted. The question was fairly debatable and the District Council's action was not arbitrary, unreasonable or capricious.

The present case is to be distinguished from *Board of County Commissioners of Prince George's County v. Oak Hill Farms,* 232 Md. 274, 192 A. 2d 761 (1963) as in that case, relied on by the appellants, there was *no* competent, material and substantial evidence to support the District Council's refusal to reclassify. In the case at bar there was competent, material and substantial evidence to support the District Council's action.

The appellants contend that Judge Parker committed reversible error in viewing the subject property after considering the testimony, exhibits and arguments. The trial court stated that it did this "so as to better tie in the existing usage with the testimony in its own mind." No objection of counsel of the respective parties to the viewing of the subject property by the trial court appears in the record. We indicated in *Suburban Properties, Inc. v. Mayor and Council of Rockville,* 241 Md. 1, 215 A. 2d 200, 202, 203, that if the trial court confines itself to the review of the evidence taken before the Council, the viewing of the property by the trial court without objection by counsel, would not be reversible error.

There is nothing in the record to indicate that Judge Parker did consider any testimony or evidence other than that presented before the District Council so that there is no reversible error presented to us by his view, without objection, of the subject property.

> *Order affirmed, costs to be paid by the appellants.*