# MUHLY et al. v. COUNTY COUNCIL FOR MONTGOMERY COUNTY et al.

[No. 73, September Term, 1958.]

*Decided January 20, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*David Macdonald,* for appellants.

*R. Robert Linowes,* with whom were *Moore & Linowes* on the brief, for appellee, Wayne Development Co., Inc.

*Joseph P. Blocher, Assistant County Attorney for Montgomery County,* with whom was *Alfred H. Carter, Acting County Attorney* on the brief, for appellee, County Council for Montgomery County.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Mont-

gomery County dismissing a bill of complaint to set aside the action of the County Council taken October 30, 1956, in rezoning a certain tract of land containing about 12 acres from R-60 (single-family dwellings) to R-20 (apartments). The appellants contend that there was no evidence to show a change of conditions to support the Council's reclassification, and that there was a clear showing that the reclassification would add to congestion in the streets.

The property in question is located in Section 2, Rock Creek Forest, fronting on Grubb Road, northwest of Spencer Road and the East-West Highway. On the southeast, it is adjacent to single-family dwelling homes, and to the northwest it is within 200 feet of land zoned for light industrial use. Just beyond are the tracks of the B. & O. Railroad, and on the other side of these are many county installations, such as the Washington Suburban Sanitary Commission Incinerator, County Highway Maintenance Garage and Warehouse, County Liquor Warehouse, Voting Machine Warehouse, County Dog Pound, and just beyond these, the Walter Reed Annex owned by the Federal Government. The subject property will border on a proposed new road, for which about three acres of the subject property were reserved.

The record shows that the Maryland-National Capital Park and Planning Commission, and its planning staff, have for some years, at least since 1952, recommended that the parcel in question be reclassified for apartment house use, but until recently the County Council has been opposed. Approval at this time was predicated to some extent upon the fact that the Planning Commission had recommended a new road to handle traffic for the nearby industrial area, and the Council felt that it was appropriate to provide a transition area between the non-residential use to the northwest and the single-family residential uses on the other side of the property in question. The Council concluded that the granting of the change would aid in accomplishment of the comprehensive plan. Two councilmen dissented, on the ground that the subject property was suitable for single-family development and that some homes had been recently built in the neighborhood on the faith of the present zoning. The chancellor dismissed the bill, on the

ground that the question was fairly debatable, and stated that there was evidence before the Council to support a finding that there was either a mistake in the original zoning or that the character of the neighborhood had changed to such an extent that reclassification should be granted.

.It can hardly be denied that the neighborhood has always presented a zoning problem, particularly that portion lying along the main line of the B. & O. Railroad. There are various uses of a non-residential character within 1500 feet of the subject property. Some of these, such as the incinerator, dog pound, and shooting range, would seem to be particularly objectionable. These uses have been intensified over the years. The latest zoning map indicates that two properties on the near side of the tracks have been rezoned since January 1, 1954, from R-60 to R-20 and light industrial, respectively. The appellants contend that there was a concession that the original zoning was correct, and that the rezoning of January 1, 1954, must be considered the original zoning, since a new map was then adopted. The appellees say that the concession was only as to the original zoning in 1928. A somewhat similar dispute was commented on in *Nelson v. Montgomery County,* 214 Md. 587, 594. We pointed out in that case that there had been thirty-three changes since 1928, only two since the adoption of the most recent map, but nevertheless held that there was evidence from which the Council could find a change in the character of the neighborhood.

We have often stressed the presumption that the original zoning was well planned and intended to be permanent; but the question for the reviewing court is merely to decide whether the board's action was arbitrary, capricious, discriminatory, or illegal, not to disturb a finding that is fairly debatable. Cf. *Conley v. Montgomery County,* 216 Md. 379, 383. It is true that the readpotion of a map and plan, without change as to a particular property, is entitled to the presumption that it was a deliberate confirmation of the earlier decision, but since it is the cumulative effect that may be decisive, we think changes between the time of the initial zoning and the confirmation should not be wholly disregarded. To justify a reclassification something more must be shown than

a mere change of mind. *Mettee v. County Comm.*, 212 Md. 357, 366. It should not be granted merely because it would make the property more valuable. *Conley v. Montgomery County, supra.* Changes that are consistent with a long-range plan are preferable to piecemeal adjudications. *Zinn v. Board of Zoning Appeals,* 207 Md. 355, 364. But zoning can never be completely permanent, and reclassification which finds support in a genuine change in conditions, or clear evidence of mistake, should not be stricken down, even if the reviewing court would have reached a different conclusion. We cannot find on this record that the reclassification was arbitrary or capricious.

The appellants contend that the Council laid too much stress on the proposed new road, which "was no more than a gleam in the Commission's eye" and lacked official status. We noted in *Board of Zoning Appeals v. Bailey,* 216 Md. 536, 543, that it was not there shown that a proposed expressway would effect such changes in the character of the neighborhood after its completion as would justify a rezoning. But in *Nelson v. Montgomery County, supra,* p. 596, we pointed out that the Council had properly considered the widening of Spring Street to be in immediate prospect, and relevant on the question as to traffic congestion on the main artery. Indeed, we held in that case that the Council properly declined a request of the Planning Commission to delay action on the application until it had completed its study of a revised plan for streets and highways, because delay would be unreasonable under the circumstances. In the instant case the proposed road appears on the plan, and part of the subject property was reserved for it. We think the case of *Hardesty v. Zoning Board,* 211 Md. 172, relied on by the appellants, is distinguishable on the facts. Cf. *Loughborough v. Rivermass,* 213 Md. 239.

The question of traffic congestion was fully explored in the testimony before the Council. There was expert testimony to the effect that even the existing traffic facilities were adequate to handle apartment house use of the subject property, that such use would serve as a buffer between the single-family use on one side and the industrial and other uses to the north,

548

and that school facilities were adequate to take care of any increase in the population density. Without laboring the point, we think the decree of the chancellor should be affirmed.

*Decree affirmed, with costs.*