GEORGE RUNYON ET AL. *v.* MARTIN
GLACKIN ET AL.

[No. 444, September Term, 1979.]

*Decided April 17, 1980.*

The cause was argued before GILBERT, C. J., and MORTON
and MacDANIEL, JJ.

*Richard M. Hartman* for appellants.

*Cypert O. Whitfill,* with whom was *Michael E. Leaf* on the
brief, for appellees Glackin. *Gregory A. Rapisarda* for other
appellee.

MORTON, J., delivered the opinion of the Court.

This is an appeal from an order entered in the Circuit Court for Harford County (Cameron, J., presiding) affirming a decision of the Harford County Council to rezone 261.7 acres of land owned by the appellees, Paul and Martin Glackin, from A-1, Agricultural District, to R-1, Suburban Residence District. The appeal was filed by several nearby property owners. The case is presented on an agreed statement of facts.

The appellants pose the following questions:

"I. Did the lower court err in its holding that the decision of *Jay v. Smith* was limited only to one particular rezoning case?

II. Did the lower court err in its finding that the evidence of change in the neighborhood was sufficient to render the matter 'fairly debatable'?"

The record reveals that in 1957 the Glackin property, a farm of some 261 acres, was classified as A-1, Agricultural District, under the comprehensive zoning ordinance adopted by Harford County in 1957. Under § 7 of the ordinance, no distinction was made between land use as agricultural or residential; if an owner wanted to subdivide his land into residences, he had only to submit an acceptable subdivision plat.

In 1973 the County Council of Harford County enacted Bill 73-42. Under its terms lot sizes upon which a dwelling could be erected were changed from 20,000 square feet to 40,000 square feet and minimum lot widths were increased from 100 feet to 150 feet. It also provided: "If a property owner or developer petitions for rezoning to an 'R' classification for subdivision purposes, he shall submit a subdivision map for preliminary plan review so that both the subdivision and rezoning applications can proceed simultaneously."

The appellees, deciding to subdivide their farm into a residential area not permitted by the newly enacted Bill 73-42, filed a petition for rezoning of their land from A-1, Agricultural District, to R-1, Suburban Residence District. The petition and subdivision plans were reviewed by the

staff of the Department of Planning and Zoning of Harford County and the staff recommended approval thereof.

After an extended hearing before the zoning hearing officer, the hearing officer rendered a decision on October 4, 1976, finding that appellees had not demonstrated a sufficient change in the character of the neighborhood to justify approval of the requested reclassification.

Approximately a month prior to the hearing officer's decision, ordinance 73-42 had been declared unconstitutional by the Circuit Court for Harford County in that the ordinance treated the owners of land zoned A-1 differently than in other classifications.

Judge Edward D. Higinbothom, who rendered the decision in *Fender and Knox v. Harford County, Maryland,* agreed not to file a final order until the Harford County Council could enact a new bill to correct the constitutional defects in ordinance 73-42.

In February, 1977, Bill 76-111 was passed by the County Council. It expressly repealed ordinance 73-42 and reenacted a new Article 7 of the Harford County Zoning Ordinance.

Thereafter, arguments were heard on appellees' petition for rezoning to R-1 and on April 20, 1977, the County Council denied appellees' petition. An appeal was taken by the appellees to the Circuit Court for Harford County and that court remanded the case to the County Council when it was found that the County Council did not have the entire record before it at the time of its decision denying appellees' petition for rezoning. The County Council then heard additional arguments and on the basis of a review of the entire record granted appellees' petition for rezoning on December 7, 1977. The appellants then appealed to the Circuit Court for Harford County and that court affirmed the decision of the County Council granting the reclassification. This appeal followed.

With respect to appellants' first contention, it appears that this Court on February 2, 1977, in *Jay v. Smith,* 34 Md. App. 538 (1977), reversed the decision of the Circuit Court for

Harford County which had affirmed the finding of the Harford County Council that there had been sufficient changes in the character of the neighborhood to support the reclassification of the applicants' property from A-1 to R-1.

In addressing the issues presented in *Jay v. Smith,* this Court said, at 543:

> "We conclude that the basic issue for determination in this case is whether the construction of 71 single family dwellings within the defined 'neighborhood' in the period between 1957 (the date of original zoning) and December 4, 1973 (the date upon which ordinance 73-42 took effect) may be considered as changes justifying rezoning of the subject tract."

We then said, at 546: "We find in this record no change in the 'neighborhood' as would justify the proposed reclassification."

In reaching this conclusion we pointed to the language of the circuit court, at 544:

> " 'The Court [Circuit Court for Harford County] is of the opinion that the evidence presented to the hearing examiner on the issue of "change", in the form of evidence of the number of houses built on lots of three (3) acres or less since 1957 in an area encompassed by the map which applicant said is her neighborhood, certainly meets the "fairly debatable" standard.' "

This Court then went on to say, at 544:

> "We do not find such a position to be sound *under the circumstances of this case.* [Emphasis added.] It is true that there are cases in which it has been said that 'changes' antecedent to the last comprehensive rezoning may be taken into consideration, *along with other changes,* in the determination whether later piece-meal rezoning lawfully is permissible."

In the course of its opinion in *Jay v. Smith,* the Court quoted extensively from the opinion of the Court of Appeals in *Town of Somerset v. County,* 229 Md. 42 (1962), to the effect that:

> " '*Changes which may have occurred prior to the last comprehensive rezoning need not be wholly disregarded* when a change from that zoning is under consideration. It may be — as was the case here — that it was a rather close question in the minds of the officials concerned whether a change in the zoning of the land involved should not have been made at the time of the last comprehensive zoning, *and additional changes thereafter* may bring the zoning status of the land as to which action is sought over the line dividing different zones.' " 34 Md. App. 545.

In reaching this conclusion the Court of Appeals relied on their holding in *Muhly v. County Council,* 218 Md. 543 (1959), and *Nelson v. Montgomery County,* 214 Md. 587 (1957).

In *Jay v. Smith,* referring to those Court ι ᶜ Appeals cases, it was said, at 546:

> "We are persuaded that the rationale of those cases has no applicability to the subject case.
>
> Here, the preamble to ordinance 73-42 makes crystal clear that the haphazard 'changes' — now urged in sole support of the subject reclassification — were the very events that were declared to be in 'circumvention of the proposed county comprehensive plan' and had put 'undue pressure on existing public facilities and create problems of an urban nature that may be in conflict with agricultural conservation.' To permit those antecedent events to serve as a foundation for this reclassification would be to subvert ordinance 73-42 and render its passage a mockery." [1]

---

[1] The constitutionality of Bill 73-42 was never raised or considered by the Court in Jay v. Smith.

It becomes at once apparent that the Court in *Jay v. Smith* rested its decision partially, if not entirely, upon the wording of the preamble to ordinance 73-42. In the case at bar, we are confronted with a different ordinance, 76-111, which expressly repealed ordinance 73-42. Significantly, 76-111 does not contain the preamble which accompanied 73-42.

The appellants would have us believe that somehow the failure to include in 76-111 the preamble to 73-42 was through inadvertence or oversight and that "it is not unreasonable to believe that the same conditions existed in Harford County in February, 1977 as prompted the passage of Bill 73-42 in December, 1973 . . . ."

The County Council of Harford County is a legislative body charged with the responsibility of passing laws in the interest of the general welfare of the citizens of that county. We cannot subscribe to the suggestion that in the course of its labors and deliberations leading to the passage of ordinance 76-111, the Council simply overlooked or inadvertently failed to include in ordinance 76-111 the lengthy preamble contained in 73-42, which preamble was crucial to our discussion in *Jay v. Smith.* By the same token the omission of the 73-42 preamble compels us to conclude that ordinance 76-111 must be viewed in a different perspective than our view of 73-42 in *Jay v. Smith.*

Thus, we revert to a focus upon the Court of Appeals decisions in *Town of Somerset v. County, supra, Muhly v. County Council, supra,* and *Nelson v. Montgomery County, supra,* the rationale of which cases we felt compelled to reject in *Jay v. Smith* because of the preamble. The Court of Appeals cases make it clear, whether we treat ordinance 76-111 as comprehensive zoning, that changes made prior to its passage need not be disregarded when considering an application for rezoning.

From our review of the record it becomes clear that we cannot find error in the conclusion reached by the County Council of Harford County that "sufficient change from solely agricultural use to residential use, the category requested, had occurred since 1957, the date of the Zoning Ordinance. These changes were sufficient to demonstrate a

necessity for reclassification of the property to the category requested."

And we find no error in the trial judge's holding that "the Council decision was at the very least fairly debatable. . . ."

*Judgment affirmed; costs to be paid by appellants.*